HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
RAFAEL MEDINA LABRADA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL MEDINA LABRADA,<br><br>Defendant. | Case No. 1:19-cr-00049 ADA-BAM-2<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge:  Unassigned |

Defendant, RAFAEL MEDINA LABRADA, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1.    Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable;

2.    The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision").  *See* Amendment 821, Part B, Subpart 1.  The zero-point provision provides a 2-offense-level

reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a).  The United States Sentencing Commission made the zero-point provision retroactive beginning February 1, 2024.  *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. On April 3, 2023, this Court sentenced Mr. Labrada to a term of 88 months;

4. Mr. Labrada's total offense level was 31, his criminal history category was I (based on him having zero criminal history points), and the resulting guideline range was 108 to 135 months.  The Court was permitted to impose a sentence below the 10-year statutory mandatory minimum for the reasons provided in Section II of the Statement of Reasons;

5. The sentencing range applicable to Mr. Labrada was subsequently lowered by the zero-point provision;

6. Mr. Labrada is eligible for a reduction in sentence, which reduces his total offense level by 2 from 31 to 29, and his amended advisory guideline range is reduced to 87 to 108 months;

7. Because Mr. Labrada is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Labrada's term of imprisonment to 87 months, effective 10 days from the date of the amended judgment.  If the amount of time served as of the effective date of the Court's Order exceeds 87 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.[1]

8. Based on the Federal Bureau of Prison's website, Mr. Labrada's current projected release date is May 26, 2025.

9. <u>United States' statement regarding its stipulation</u>[2]: The defendant was convicted of Possessing with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 101; government's sentencing memorandum, ECF No. 102; Statement of Reasons ("SOR"); Judgment, ECF No. 105; and defendant's Bureau of Prisons

---

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.
[2] This statement by the United States is not part of the parties' stipulation.

1  ("BOP") disciplinary history.

2  In sum, the PSR establishes that Labrada was responsible for delivering methamphetamine to an undercover detective (UCD) with the Fresno High Impact Investigations Team. This occurred after Labrada's co-conspirator, Josue Garcia-Beltran, arranged to sell 45 pounds of methamphetamine to the UCD. Garcia-Beltran and UCD met at a pre-arranged location to complete the deal. Once the UCD assured Garcia-Beltran he had the $81,000 necessary to complete the purchase, Garcia-Beltran called an individual and told him to come to the location. Shortly after, Labrada arrived in a vehicle that contained approximately 45 pounds of methamphetamine. After Labrada was arrested, officers searched the vehicle and found methamphetamine hidden in various locations inside the vehicle including the front dashboard behind the radio and passenger side airbag, under a seat, and in the rear hatchback area.

In its sentencing memo, the government agreed with the probation officer's recommendation, and recommended that the Court vary down from the applicable guideline range and impose a sentence of 88 months to avoid unwarranted sentencing disparities with Labrada's co-defendant, Garcia-Beltran. ECF No. 102. The government reasoned that Garcia-Beltran was the more culpable party and received a sentence of 108 months. The Court agreed and imposed a sentence of 88 months to avoid unwarranted disparities. SOR at 3; ECF No. 105 at 2.

According to BOP records, as of February 27, 2024, the defendant does not have any reported sustained disciplinary incidents during his time in custody.

Respectfully submitted,

Dated: March 6, 2024

PHILLIP A. TALBERT
United States Attorney

 /s/ Shelley D. Weger
SHELLEY D. WEGER
Assistant U.S. Attorney
Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated: March 6, 2024

HEATHER E. WILLIAMS
Federal Defender

 /s/ Peggy Sasso
PEGGY SASSO
Assistant Federal Defender
Attorneys for Defendant
RAFAEL MEDINA LABRADA

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Labrada is entitled to the benefit of Amendment 821, Part B, Subpart 1, the new zero-point provision, which reduces the total offense level from 31 to 29, resulting in an amended guideline range of 87 to 108 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of imprisonment imposed in 2020 is reduced to a term of 87 months, effective 10 days from the date of the amended judgment. If the amount of time served as of the effective date of the Court's Order exceeds 87 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.

IT IS FURTHER ORDERED that all the terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Labrada shall report to the United States Probation Office within seventy-two hours after his release.

DATED: March 11, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE